

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# Chimenti v. Kimber

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2056

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chimenti v. Kimber" (2005). *2005 Decisions*. Paper 1052.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1052

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2056
_____

SALVATORE CHIMENTI,

Appellant
v.

ROGER KIMBER, Medical Director; BADDICK, Regional Director;
ROWE, Wexford Health Sources, Inc.; I. KAUFER, Wexford Health
Sources, Inc.; C. POLLOCK, Site Coordinator; FARROHK MOHADJERIN,
Former Medical Director; MARTIN F. HORN; ROBERT S. BITNER,
Chief Hearing Examiner for the D.O.C.; FREDERICK K. FRANK;
PAT YARGER, SCI-Huntingdon Medical Department; P. E. EVERHART,
SCI-Huntingdon Medical Department

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00273)
District Judge: Honorable Thomas I. Vanaskie

_____

Resubmitted Under Third Circuit LAR 34.1(a)
May 18, 2005

Before: BARRY, AMBRO, and SMITH, <u>Circuit Judges</u>.

(Filed: June 8, 2005)
_____

OPINION
_____

PER CURIAM

Salvatore Chimenti appeals the District Court's orders granting the appellees' motions to dismiss and denying his motion to amend the judgment. On appeal, Chimenti argues that the District Court erred in concluding that his proposed amended complaint did not cure the defects of his original complaint. He focuses on his allegations against two appellees, Martin Horn, the former secretary of the Department of Corrections (DOC), and Dr. Mohadjerin, the prison's medical director, who at the time worked for Wexford Health Services, a private medical provider. Chimenti alleged that Dr. Mohadjerin terminated his Interferon treatment for Hepatitis C contrary to the recommendation of a specialist and did not prescribe Rebetron until two years after it was approved by the FDA and six months after the DOC treatment protocol was approved. Chimenti claimed that Horn knew prisoners were infected with Hepatitis C and failed to ensure the speedy approval of a protocol for Rebetron. Chimenti asserted that Rebetron was approved by the FDA in June of 1998 but that Horn did not issue a protocol until January 2000. Chimenti alleged that as a result of the delay in receiving Rebetron his liver was damaged to the point where he needs a transplant and that in January 2001 he was diagnosed with cirrhosis of the liver.[1]

The District Court concluded that the proposed amended complaint did not cure

_____

[1] The proposed amended complaint was not included in the record on appeal. However, Chimenti reproduces enough of his allegations in his informal brief for our analysis.

2

the defect of the original complaint - that Chimenti had not shown personal involvement on the part of Secretary Horn. With respect to Dr. Mohadjerin, the District Court had originally dismissed the claims against him for failure to state a claim. In denying Chimenti's motion for reconsideration, the District Court amended its order to provide that the claims against Dr. Mohadjerin were dismissed for failure to exhaust. Chimenti filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's order granting appellees' motion to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). When reviewing a complaint under Rule 12(b)(6), the Court must accept the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved. Id.

In order to state a claim under the Eighth Amendment for denial of medical care, Chimenti must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104. A medical need is serious if it is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347

3

(3d Cir. 1987). In <u>Monmouth County</u>, we set forth several ways in which deliberate indifference to inmates medical needs could be manifested including delay of necessary medical treatment for non-medical reasons.

We disagree with the District Court that Chimenti's allegations against Horn are insufficient to state a claim. We conclude that the allegations that Horn knew about the Hepatitis C problem in the prisons and the importance of the protocol negotiations between the Department of Corrections (DOC) and Wexford, yet failed to timely issue the protocol, are not so improbable or conclusory as to fail to state a claim. On remand, the record can be developed with respect to what Horn knew about the prison system's Hepatitis C problem, what role he played in the negotiations, and the reasons for the delay.

In addressing Chimenti's proposed amended complaint, the District Court determined that Chimenti had failed to exhaust his claims against Dr. Mohadjerin because he did not request monetary damages in his grievance. However, subsequent to the District Court's decision, we held in <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004), that a failure to request monetary damages in the grievance process could not be a basis for dismissal of a damages claim for failure to exhaust. Dr. Mohadjerin argues in the alternative that Chimenti failed to exhaust his claim that he did not prescribe Chimenti Rebetron for six months after the protocol was approved.[2]

---

[2] Horn does not raise a non-exhaustion defense.

4

While the protocol negotiations were ongoing, Chimenti thoroughly grieved the issue of the delay in the approval of the protocol and Dr. Mohadjerin's refusal to prescribe him Rebetron. In the grievance, Chimenti noted that he was told by Dr. Mohadjerin that he could not receive Rebetron until the DOC and Wexford agreed on a protocol and that the DOC had backed out of the protocol because it was too costly. Chimenti appealed the denial of the grievance and repeated his allegation that Mohadjerin told him that he was not getting Rebetron because the DOC had backed out of the negotiations. After losing that appeal, Chimenti appealed to the final level of review. He noted that his allegations of the delay in approving a protocol had not been addressed in the responses to his grievance and that both Dr. Mohadjerin and Dr. Gaugler, a specialist, had agreed that Rebetron was a medical necessity for him. Once the protocol was approved, there would be no reason to revisit the issue of his receiving Rebetron.[3] We conclude that Chimenti has exhausted his administrative remedies with respect to his claim that Dr. Mohadjerin failed to prescribe Rebetron from the FDA's approval in June 1998 until July 2000.

We now turn to the question of whether Chimenti's allegations against Dr. Mohadjerin state a claim. His allegations that Dr. Mohadjerin took him off of Interferon

---

[3] Moreover, we note that according to a sample grievance rejection form, attached to the grievance policy, a potential reason for rejection of a grievance is "[t]he issue(s) presented on the attached grievance has been reviewed and addressed previously." Once the issue of his not receiving Rebetron was decided against Chimenti, it appears that he could not later file a grievance on the same issue.

5

do not state a claim of deliberate indifference because there is nothing to suggest that this was not an exercise of medical judgment. With respect to his allegations that Dr. Mohadjerin failed to prescribe Rebetron, Chimenti has alleged that Dr. Mohadjerin knew of his serious medical need and failed to provide a treatment that he himself recommended. Dr. Mohadjerin argues on appeal that Chimenti does not allege that the doctor had personal involvement in the delayed protocol negotiations. However, the record has not been developed with respect to what ability or responsibility Dr. Mohadjerin had to prescribe Rebetron before a protocol was approved.

For the above reasons, we conclude that Chimenti's allegations against Horn and Dr. Mohadjerin are sufficient to state claims of deliberate indifference to serious medical needs. Thus, the District Court erred in dismissing those claims and refusing to allow Chimenti to file an amended complaint. Accordingly, we will vacate the District Court's March 15, 2002, and March 19, 2003, orders with respect to the dismissal of those claims and the denial of leave to amend, and we will remand the matter for further proceedings. With respect to Chimenti's allegations against the other defendants as well as his claim that Dr. Mohadjerin took him off Interferon, we will affirm the District Court's orders.